UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<span>DDIS</span> A<span>DAM</span> L<span>AWS</span>, J<span>R</span>.,

   Plaintiff,         Hon. Jane M. Beckering

v.               Case No. 1:23-cv-102

M<span>ICHIGAN</span>, S<span>TATE OF</span>, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on January 27, 2023, against the State of Michigan, the Michigan Division of Child Support Services, Kent County, Kent County Friend of the Court, and three individuals. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has

1

held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

It is clear from Plaintiff's complaint that he is upset by a decision apparently compelling him to pay child support. While Plaintiff's complaint contains a great many vague allegations and legal conclusions, it fails to allege specific *facts*, which if proven, would entitle Plaintiff to relief against any of the Defendants. As but a few examples,

Plaintiff alleges that his Fourth Amendment rights were violated because his Social Security number was used to deprive him of the right to privacy. Plaintiff has failed to support this legal conclusion with factual allegations that would entitle him to relief. Likewise, Plaintiff alleges that Defendants violated his Fifth Amendment rights by failing to afford him due process protections that would have enabled him to present a defense. Again, vague allegations and legal conclusions do not substitute for specific factual allegations. Simply put, Plaintiff's complaint contains nothing more than vague statements and legal conclusions which are insufficient to state a claim.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: January 31, 2023                    /s/ Phillip J. Green
                                                              PHILLIP J. GREEN
                                                              United States Magistrate Judge